IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

```
GULF COAST ASPHALT CO., L.L.C.,  :
                                 :
     Plaintiff,                  :
                                 :
vs.                              :    CIVIL ACTION 09-0187-CG-M
                                 :
CHEVRON U.S.A., INC.,            :
                                 :
     Defendant.                  :
```

REPORT AND RECOMMENDATION

The Motion to Dismiss filed by Defendant (Doc. 21) has been referred for report and recommendation, under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2.  Jurisdiction has been invoked in this Court under 42 U.S.C. § 6972, pursuant to provisions of the Resource Conservation and Recovery Act (hereinafter *RCRA*).  After consideration, it is recommended that Defendant's Motion (Doc. 21) be granted, that Count II in the Complaint be dismissed, with prejudice, and that judgment be entered in favor of Defendant Chevron U.S.A., Inc. and against Plaintiff Gulf Coast Asphalt Co., L.L.C. as to Count II of the Complaint.

In light of the arguments made, it will be unnecessary to have but a limited recitation of the facts.  Plaintiff Gulf Coast Asphalt Company, L.L.C. (hereinafter *Gulf Coast*) acquired property, located in Mobile, Alabama, from Defendant Chevron U.S.A., Inc. (hereinafter *Chevron*) in 1993 (Complaint, ¶¶ 9-10). Chevron divulged, at that time, that there had been a large spill

of asphalt residuum on one of the purchased parcels in 1976 but that the site had been cleaned (Complaint, ¶¶ 11-12). Years later, while inspecting the parcel for possible construction, Plaintiff discovered liquified viscous oil deposits, forcing the project to be moved (Complaint, ¶¶ 14-16).

Gulf Coast brought this action to compel Chevron "to excavate, remove, and remediate the asphaltic contamination" (Complaint, ¶¶ 27). Defendant has Answered the Complaint, asserted affirmative defenses, and raised two counterclaims (Doc. 23). Chevron also filed a Motion to Dismiss Count II of the Complaint (Doc. 21). Gulf Coast Responded to the Motion (Doc. 35) and Defendant Replied (Doc. 36); Plaintiff filed a Surreply (Doc. 39) to which Chevron Responded (Doc. 42).

The Court notes, initially, that "[w]hen considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). In order to state a claim for relief, the Federal Rules of Civil Procedure state that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The U.S. Supreme Court explained that the purpose of the rule was to "give the defendant fair notice of what the plaintiff's claim is

2

and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).[1]  While factual allegations do not have to be detailed, they must contain more than "labels and conclusions;" "a formulaic recitation of the elements of a cause will not do." *Bell Atlantic Corporation v. Twombley*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted).  "Facts that are 'merely consistent with' the plaintiff's legal theory will not suffice when, 'without some further factual enhancement [they] stop short of the line between possibility and plausibility of "entitle[ment] to relief."'" *Weissman v. National Association of Securities Dealers, Inc.*, 500 F.3d 1293, 1310 (11th Cir. 2007) (quoting *Twombley*, 550 U.S. 557) (quoting *DM Research, Inc. v. College of American Pathologists*, 170 F.3d 53, 56 (1st Cir. 1999)).  "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1950 (2009) (citing *Twombley*, 550 U.S. at 556. "Where the well-pleaded facts do not permit the court to infer

---

[1] *Conley* also stated that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley*, 355 U.S. at 45-46.  The U.S. Supreme Court has done away with this standard in *Bell Atlantic Corporation v. Twombley*, 550 U.S. 544, 557-563 (2007).  The Court, nevertheless, finds *Conley*'s statement regarding the purpose of Rule 8(a)(2) to be useful here in deciphering the analysis necessary for evaluating Plaintiff's claims.

more than the mere possibility of conduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, — U.S. —, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).  As noted by the Supreme Court, Plaintiffs must "nudge[] their claims across the line from conceivable to plausible[; otherwise,] their complaint must be dismissed." *Twombly*, 550 U.S. at 570.  It is noted, however, that a complaint may be dismissed, under Federal Rule of Civil Procedure 12(b)(6), "on the basis of a dispositive issue of law."  *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir.) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)), *cert. denied*, 502 U.S. 810 (1991).

Gulf Coast raises two claims in bringing this action (Complaint, ¶¶ 25-26).  As there has been no dispute regarding the first claim, the Court is only concerned with the second of Plaintiff's claims which, in its entirety, states as follows:

> Gulf Coast Asphalt Company, L.L.C. brings suit against Chevron U.S.A., Inc., under the citizen suit provisions of RCRA, 42 U.S.C. § 6972(a)(1)(A), because Chevron U.S.A., Inc., is in violation of a permit, standard, regulation, condition, requirement, prohibition, or order which has become effective pursuant to RCRA.  Specifically, Chevron U.S.A., Inc. violated RCRA's prohibition against open dumping and improper land disposal, particularly 42 U.S.C. § 6945, both through the initial improper disposal of the asphaltic material and subsequent efforts to bury the material.  Additionally Chevron U.S.A., Inc. violated the requirements of 40 C.F.R. § 265 et. seq. by failing to perform a

> proper closure of the contaminated Parcel B area.

(Complaint, ¶ 26).

In its Motion to Dismiss, Chevron raised arguments that Count II should be dismissed for the following reasons:  the claim is brought under provisions which do not apply retroactively (Doc. 21, pp. 15-21); Chevron cannot be "in violation" as it is not the present owner of the site (Doc. 21, pp. 21-25); the regulations cited by Gulf Coast are inapplicable in Alabama and are barred by the statute of limitations (Doc. 21, pp. 25-32); and Plaintiff did not provide adequate notice of the asserted violation to Defendant and other appropriate authorities (Doc. 21, pp. 33-39).  In its Response, Gulf Coast offers no rebuttal to any of the asserted arguments, but, instead, offers to withdraw its claim in Count II, having previously "offered to enter into a stipulation of dismissal of Count II pursuant to Fed.R.Civ.P. 41(a)(1)(A)(ii), with a corresponding dismissal of Chevron's Count II counterclaims" (Doc. 35, p. 2).  Plaintiff asserts that Counterclaim Count II is a "mirror image" of Gulf Coast's Count II which asserts that Gulf Coast—rather than Chevron—has violated RCRA provisions; Chevron declined to participate in the stipulation of dismissal (*see* Doc. 35, p. 2).

Chevron has argued that dismissal is appropriate, but that it should be "with prejudice" (Docs. 36, 42).  Gulf Coast argues otherwise (Doc. 39).  However, the Court declines to accept Gulf

Coast's invitation to dismiss Count II without prejudice.  Noting again that Plaintiff has failed to respond to any of the arguments raised as to why this claim should be dismissed, the Court will examine one of Defendant's arguments,[2] finding that exploration to be a better use of judicial time and resources.

In raising Count II, Plaintiff has specifically cited 42 U.S.C. § 6945 as the statute under which it is seeking relief against Chevron.  That statute states as follows:  "Upon promulgation of criteria under section 6907(a)(3) of this title, any solid waste management practice or disposal of solid waste or hazardous waste which constitutes the open dumping of solid waste or hazardous waste is prohibited."  42 U.S.C. § 6945(a).  The regulations contemplated in the statute were promulgated on September 13, 1979 and went into effect on October 15, 1979.  44 Fed.Reg. 53,438; *see also* 40 C.F.R. § 257.3-1 *et seq.*  Courts have held that this activity was not prohibited until the regulations went into effect.  *See, e.g., O'Leary v. Moyer's Landfill, Inc.*, 523 F.Supp. 642, 650 (D.C. Pa. 1981) ("The effect of the amendatory language read in its ordinary terms is to specify a point in the calendar at which the statute now says a solid waste management practice or disposal is prohibited.  That point in the calendar is the promulgation by the federal

---

[2]As that discussion leads to the conclusion that Count II should be dismissed, the Court finds it unnecessary to discuss Defendant's other arguments.

authorities of criteria establishing the context for state plans to the extent that states undertake to enter this field. Those criteria were promulgated on September 13, 1979"); *see also Jones v. Inmont Corp.*, 584 F.Supp. 1425, 1433 (D.C. Ohio 1984) ("the prohibition, by its terms, is effective only upon the promulgation of criteria under another RCRA section, 42 U.S.C. § 6907(a)(3)").

In its Complaint, Plaintiff asserts that the spill occurred in October 1976 (Complaint, ¶¶ 12-13). That being the case, the spill predated the prohibition date of October 15, 1979. Therefore, the relief Gulf Coast seeks against Chevron in Count II is not available. Under the holding of *Executive 100*, the Court finds that Count II of the Complaint should be dismissed.

It is therefore recommended that Defendant's Motion to Dismiss Count II of the Complaint (Doc. 21) be granted, that Count II be dismissed, with prejudice, and that judgment be entered in favor of Defendant Chevron U.S.A., Inc. and against Plaintiff Gulf Coast Asphalt Co., L.L.C. as to Count II of the Complaint.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate

judge.  *See* 28 U.S.C. § 636(b)(1)©; *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Transcript (applicable where proceedings tape recorded)</u>**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 31st day of July, 2009.

<u>s/BERT W. MILLING, JR.</u>
UNITED STATES MAGISTRATE JUDGE
