```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION


GULF COAST ASPHALT CO., L.L.C.,   :
                                  :
     Plaintiff,                   :
                                  :
vs.                               :
                                  :
CHEVRON U.S.A., INC.,             :
                                  :   CIVIL ACTION 09-0187-CG-M
     Defendant, and               :
     Third-Party Plaintiff,       :
                                  :
vs.                               :
                                  :
Trifinery, Inc.,                  :
                                  :
     Third-Party Defendant.       :
```

<u>REPORT AND RECOMMENDATION</u>

The Motion to Dismiss filed by Chevron U.S.A., Inc. (hereinafter *Chevron*), Defendant and Third-Party Plaintiff (Doc. 57), has been referred for report and recommendation, under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2.  Jurisdiction has been invoked in this Court under 42 U.S.C. § 6972, pursuant to provisions of the Resource Conservation and Recovery Act (hereinafter *RCRA*).  After consideration, it is recommended that Chevron's Motion (Doc. 57) be granted.

The facts, briefly, are as follows.  Plaintiff Gulf Coast Asphalt Company, L.L.C. (hereinafter *Gulf Coast*) acquired property, located in Mobile, Alabama, from Defendant Chevron U.S.A., Inc. (hereinafter *Chevron*) in 1993 (Complaint, ¶¶ 9-10). Chevron divulged, at that time, that there had been a large spill

of asphalt residuum on one of the purchased parcels in 1976 but that the site had been cleaned (Complaint, ¶¶ 11-12). Years later, while inspecting the parcel for possible construction, Plaintiff discovered liquified viscous oil deposits, forcing the project to be moved (Complaint, ¶¶ 14-16).

Gulf Coast brought this action to compel Chevron "to excavate, remove, and remediate the asphaltic contamination" (Complaint, ¶¶ 27). Chevron subsequently filed a Third-Party Complaint, seeking contractual indemnity, against Third-Party Defendant Trifinery, Inc. (hereinafter *Trifinery*) (Doc. 53). Trifinery answered the complaint, asserted affirmative defenses, and raised three counterclaims (Doc. 55). Subsequently, Chevron filed a Motion to Dismiss Trifinery's counterclaims against it (Doc. 57). The Third-Party Defendant responded to the Motion (Doc. 59) and the Third-Party Plaintiff replied (Doc. 60).

The Court notes, initially, that "[w]hen considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). In order to state a claim for relief, the Federal Rules of Civil Procedure state that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The

U.S. Supreme Court explained that the purpose of the rule was to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).[1]  While factual allegations do not have to be detailed, they must contain more than "labels and conclusions;" "a formulaic recitation of the elements of a cause will not do." *Bell Atlantic Corporation v. Twombley*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id.* (citations omitted).  "Facts that are 'merely consistent with' the plaintiff's legal theory will not suffice when, 'without some further factual enhancement [they] stop short of the line between possibility and plausibility of "entitle[ment] to relief."'"  *Weissman v. National Association of Securities Dealers, Inc.*, 500 F.3d 1293, 1310 (11th Cir. 2007) (quoting *Twombley*, 550 U.S. 557) (quoting *DM Research, Inc. v. College of American Pathologists*, 170 F.3d 53, 56 (1st Cir. 1999)).  "Only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1950 (2009) (citing *Twombley*, 550 U.S. at

---

[1] *Conley* also stated that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley*, 355 U.S. at 45-46.  The U.S. Supreme Court has done away with this standard in *Bell Atlantic Corporation v. Twombley*, 550 U.S. 544, 557-563 (2007).  The Court, nevertheless, finds *Conley*'s statement regarding the purpose of Rule 8(a)(2) to be useful here in deciphering the analysis necessary for evaluating Plaintiff's claims.

556). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of conduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, — U.S. —, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)). As noted by the Supreme Court, Plaintiffs must "nudge[] their claims across the line from conceivable to plausible[; otherwise,] their complaint must be dismissed." *Twombly*, 550 U.S. at 570. It is noted, however, that a complaint may be dismissed, under Federal Rule of Civil Procedure 12(b)(6), "on the basis of a dispositive issue of law." *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir.) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)), *cert. denied*, 502 U.S. 810 (1991).

Trifinery has brought three counterclaims against Chevron: (1) fraud and misrepresentation; (2) promissory fraud; and (3) breach of contract (Doc. 55, pp. 11-14). Chevron has raised five different arguments as to why these counterclaims should all be dismissed (Doc. 57).[2]

Chevron first claims that Trifinery does not have standing to bring these claims against it. The argument, essentially, is that because Trifinery suffered no injury or damages, it does not have standing to raise these counterclaims. Chevron has

---

[2] Because the Court finds one of those arguments convincing, it is unnecessary to discuss all of the remaining arguments.

characterized this as a Rule 12(b)(1) issue[3] (Doc. 57, pp. 5-11).[4]  As support, Chevron has referenced a holding by the Eleventh Circuit Court of Appeals which states as follows:

> "[T]he irreducible constitutional minimum of standing contains three elements." *Lujan* [*v. Defenders of Wildlife*], 504 U.S. [550,] 560, 112 S.Ct. [2130,] 2136 [(1992)]. A plaintiff who invokes the jurisdiction of a federal court bears the burden to show "(1) an injury in fact, meaning an injury that is concrete and particularized, and actual or imminent, (2) a causal connection between the injury and the causal conduct, and (3) a likelihood that the injury will be redressed by a favorable decision." *Granite State Outdoor Adver., Inc. v. City of Clearwater*, 351 F.3d 1112, 1116 (11th Cir. 2003).  Each element is "an indispensable part of the plaintiff's case" and "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561, 112 S.Ct. at 2136.

*CAMP Legal Defense Fund, Inc. v. City of Atlanta*, 451 F.3d 1257, 1269 (11th Cir. 2006).

While Chevron has correctly cited the law of standing, the Court finds that it has no application in this action as Trifinery is not the Plaintiff and has not invoked the

---

[3] Fed.R.Civ.P. 12(b)(1) is a defense to a claim that it lacks subject-matter jurisdiction.

[4] The Court shall use the page numbers used by Chevron in its Motion brief and reply (Docs. 57, 60) as well as Trifinery's response (Doc. 59), rather than the page numbers generated by the Court's CMECF system.

jurisdiction of this Court:  Trifinery is involved in this action because Chevron brought it in through a third-party complaint.  As such, Trifinery can—and must, if it is going to—assert any counterclaims it has against Chevron.  Though Chevron may be ultimately correct in asserting that Trifinery cannot prove an injury or damages, that is a matter which requires consideration of the merits of its counterclaims under Fed.R.Civ.P. 12(b)(6);[5] it is not a jurisdictional matter.

Chevron next asserts that the counterclaims against it should be dismissed because Trifinery has not sufficiently alleged damages in those claims (Doc. 57, pp. 11-14).  Under Alabama law,[6] damages are a necessary element to prove fraud[7] and breach of contract[8] claims.

---

[5] Fed.R.Civ.P. 12(b)(1) is a defense that a claimant has failed to state a claim upon which relief can be granted.

[6] In this action, Alabama law controls. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938).  Both parties agree (Doc. 57, p. 13; Doc. 59, p. 9 n.2).

[7] "'The elements of fraud are (1) a false representation (2) of a material existing fact (3) reasonably relied upon by the plaintiff (4) who suffered damage as a proximate consequence of the misrepresentation.  To prevail on a promissory fraud claim . . . , two additional elements must be satisfied: (5) proof that at the time of the misrepresentation, the defendant had the intention not to perform the act promised, and (6) proof that the defendant had an intent to deceive.'"  *Ex Parte Michelin North America, Inc.*, 795 So.2d 674, 678-79 (Ala. 2001) (*quoting Padgett v. Hughes*, 535 So.2d 140, 142 (Ala. 1988)).

[8] "The elements of a breach-of-contract claim under Alabama law are (1) a valid contract binding the parties; (2) the plaintiffs' performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages." *Reynolds Metals Co. v. Hill*, 825 So.2d 100, 105-06 (Ala. 2002) (*citing State Farm Fire & Cas. Co. v. Slade*, 747 So.2d 293, 303 (Ala. 1999)).

In bringing its counterclaims, Trifinery has asserted damages in the following manner:

> Trifinery and Gulf Coast Asphalt Company, L.L.C. have suffered actual injuries from their reliance and seek to recover damages for: (a) lost profits from not being able to construct the planned refinery; (b) for the large expenses they have incurred in having to relocate the tank project to Parcel C; and (c) for the large cleanup costs for the contamination on Parcel B.

(Doc. 55, ¶ 66; *cf.* ¶¶ 73, 79).[9]

The Court notes that Trifinery is not claiming damages except in conjunction with Gulf Coast Asphalt. While Chevron asserts that Trifinery held the property sold by Chevron for only a day before flipping it and could not have been injured in that short a period of time (Doc. 53, ¶ 5; Doc. 60, p. 3), Trifinery denies—and disputes—the length of possession (Doc. 55, ¶ 6; *see* Doc. 59, ¶ 14). By Trifinery's own admission, though, it held the property from December 1993 through June 1994, at most, and it was the year 2002, when Gulf Coast owned the property, before any testing was done and contamination was discovered (*see* Doc. 59, ¶¶ 14-15). These facts do not demonstrate damages to Trifinery.

Trifinery has urged the Court to consider its shareholder/

---

[9]The Court notes that these paragraphs are identical except that ¶¶ 66 refers to the relocation of the tank project to Parcel *C* while ¶¶ 73 and 79 characterize the move as one to Parcel *B*.

corporate parent role in allowing its counterclaims to proceed (Doc. 59, pp. 6-8). Trifinery has asserted that Gulf Coast is jointly owned by Trifinery and another party (Doc. 55, ¶ 25; Doc. 59, ¶ 14). After reviewing the cited authorities, however, the Court again finds that the issue at hand is not one of standing. In any event, Alabama law does not allow a shareholder of a limited liability company (hereinafter *LLC*) to sue on behalf of the corporation. *See Carey v. Howard*, 950 So.2d 1131, 1135-36 (Ala. 2006) (LLC members cannot claim damages when LLC is injured); *see also* Ala. Code § 10-12-23(b) ("All property . . . acquired by a limited liability company by purchase or otherwise is limited liability company property. A member has no interest in specific limited liability company property"). In other words, Alabama law does not allow Trifinery to sue, in its own name, for injury to Gulf Coast.

Trifinery has also asserted that it has been injured in that it "stands in the position of a promisee who arranged for remediation of the property for the benefit of a subsequent, planned subsidiary," Gulf Coast (Doc. 59, p. 9). Chevron has pointed to Alabama law stating that "'[t]o recover under a third-party beneficiary theory, the complainant must show: 1) that the contracting parties intended, at the time the contract was created, to bestow a direct benefit upon a third party; 2) that the complainant was the intended beneficiary of the contract; and 3) that the contract was breached.'" *Collins, Co.*

8

*Inc. v. City of Decatur*, 533 So.2d 1127, 1132 (Ala. 1988) (*quoting Sheetz, Aiken & Aiken, Inc. v. Spann, Hall, Ritchie, Inc.*, 512 So.2d 99, 101-02 (Ala.1987)).  Chevron further points out that Gulf Coast is listed nowhere in the Purchase and Sale Agreement of September 30, 1993 between Chevron and Trifinery (Doc. 57, Attachment 3) and that Gulf Coast did not even exist, according to State records,[10] until June 1, 1994 (Doc. 60, Attachment 1).  The Court finds that Trifinery's third-party beneficiary argument is unconvincing.

The Court finds merit in Chevron's assertions that Trifinery has not demonstrated that it has been injured in possessing the property it purchased from Chevron.  As such, Trifinery has not demonstrated an essential element in its counterclaims against Chevron.  The Court cannot say that Trifinery has shown that it is entitled to relief under *Iqbal*.  Therefore, it is recommended that Chevron's Motion to Dismiss (Doc. 57) be granted and that Trifinery's counterclaims be dismissed.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by

---

[10] In *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1280 (11th Cir. 1999), the Eleventh Circuit Court of Appeals held that a U.S. District Court "was authorized at the motion to dismiss stage to take judicial notice of relevant public documents."

the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 22nd day of March, 2010.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE