IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GULF COAST ASPHALT COMPANY, L.L.C., | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 09-0187-CG-M ) |
| CHEVRON U.S.A., INC., | ) ) ) |
| Defendant. | ) ) |

## ORDER

On April 6, 2009, Gulf Coast Asphalt Company, L.L.C. ("GCAC") brought a lawsuit against Chevron U.S.A., Inc. ("Chevron") under the "citizen suit" provisions of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972, seeking "injunctive and other relief ordering Chevron … to clean up thousands of gallons of crude oil it illegally buried at its former refinery and storage facility on Blakely Island in Mobile, Alabama." (Doc. 1, p. 1). Specifically, GCAC brought suit under 42 U.S.C. § 6972(a)(1)(B) alleging Chevron was a "past owner" of a "treatment, storage, or disposal facility" who "contributed to the past or present… disposal of solid waste… which may present an imminent and substantial endangerment to health or environment" ("RCRA Count I"); and under 42 U.S.C. § 6972(a)(1)(B) alleging Chevron "violated RCRA's prohibition against open dumping and improper land disposal" and failed "to perform closure of the contaminated Parcel B area." ("RCRA Count II"). (Id., ¶ ¶ 25 & 26). On August 17, 2009, this court adopted a report and recommendation dismissing RCRA Count II with prejudice. (Docs. 46 & 47). On October 14, 2009, Chevron filed a third-party complaint against Trifinery, Inc. ("Trifinery") seeking contractual indemnification from and

1

against the claims made by Gulf Coast. (Doc. 53, p. 1). On November 16, 2009, Trifinery filed its answer and also asserted several counterclaims against Chevron for fraud and misrepresentation, promissory fraud, and breach of contract. (Doc. 15, pp. 11-15). On April 6, 2010, this court adopted a report and recommendation dismissing all of Trifinery's counterclaims against Chevron. (Docs. 65 & 68). On August 30, 2010, this court granted summary judgment in favor of Chevron as to RCRA Count I and as to Chevron's third party claim against Trifinery for indemnification. (Doc. 82). Judgment was entered in favor of Chevron on that same day. (Doc. 83). This matter is now before the court on Chevron's motion for attorneys' fees and costs (Doc. 85), Trifinery's response (Doc. 96), and Chevron's reply (Doc. 97). After a review of Chevron's motion and the file in general, the court finds that some of the rates of the requested attorneys' fees are unreasonable. Therefore, Chevron's application for costs and fees is **GRANTED** in that Chevron will be awarded a total of $875,626.64 for attorneys' fees and $99,186.49 for costs.

On September 30, 1993, Trifinery, which is owned and operated by Sanford Brass, entered into a Purchase and Sale Agreement ("PSA") with Chevron to purchase property in Mobile, Alabama, located at or near 835 Cochrane Causeway, Highway 90/98 which was divided into three parcels known respectively as Parcels A, B, and C and which included an asphalt refinery and related substructures and tanks (hereinafter referred to collectively as the "Facility" or "Property"). (Doc. 61-2). The PSA provides that Trifinery "shall release, indemnify and hold [Chevron] harmless from and against all claims, expenses (including reasonable attorneys' fees), loss and liability arising from any environmental contamination on or under" the Facility. (Doc. 61-2, p. 7, ¶ 5.e). In this court's order granting Chevron's motion for summary judgment, this court found "that Trifinery is contractually obligated to indemnify

Chevron from and against GCAC's claim in this case and to reimburse Chevron for the costs it has incurred in defending itself in this lawsuit." (Doc. 82, p. 19).

In its motion for attorneys' fees and costs, Chevron "is seeking [a] total [of] $1,188,194.00 in legal fees and $99,186.49 in costs (including expert charges)" for the time expended by four lawyers and one paralegal at Beveridge & Diamond, P.C. ("B&D") (Doc. 85, p. 1) and is seeking $20,000.64 for the time expended by Chevron's local counsel, his paralegal, librarian, and another partner at the local counsel's firm. (Doc. 84, p. 3). Specifically, it is seeking fees for 655 hours of work from Karl S. Bourdeau, a shareholder of B&D with over 32 years of experience, at an hourly rate of $535.00 per hour. (Docs. 85-8 & 85-1, Segall Aff., pp. 17-18). Second, it is seeking fees for 762.70 hours of work from Harold Segall, a shareholder of B&D with approximately 25 years of experience, at an hourly rate of $450.00 per hour. (Docs. 85-8 & 85-1, Segall Aff., p. 20). Third, it is seeking fees for 1050.10 hours of work from Katherine E. Wesley, a senior litigation associate at B&D with approximately 7 years of experience, at an hourly rate of $261.00 per hour. (Docs. 85-8 & 85-1, Segall Aff., p. 21). Fourth, it is seeking fees for 1123.90 hours of work from Bina R. Reddy, a second year associate at B&D, at an hourly rate of $184.50 per hour. (Id.). Fifth, it is seeking fees for 341.30 hours of work from Jacqueline Bennett-Vroman, a paralegal at B&D with approximately 11 years of experience, at an hourly rate of $157.50. (Id.). Sixth, it is seeking fees for Sandy G. Robinson, a partner in the Mobile Office of Cabaniss, Johnston, Gardner, Dumas & O'Neal with approximately 25 years of experience, at an hourly rate of $285.00 per hour, and fees for her paralegal and her firm's librarian at hourly rates of $100.00 per hour and, on one occasion, a fee for another partner at her law firm at an hourly rate of $280.00. (Doc. 84, pp. 2-3).

In Hensley v. Eckerhart, 461 U.S. 424, 433 (1983), the Supreme Court explained that the starting point for determining a "reasonable" fee is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." The applicant bears the burden of establishing entitlement and documenting the reasonable hours expended and reasonable hourly rates. See also Am. Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999). However, where the rates or hours claimed seem excessive or lack the appropriate documentation, a court may calculate the award based on its own experience, knowledge, and observations. Norman v. Hous. Auth. of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988)(citing Davis v. Bd. of Sch. Comm'rs of Mobile County, 526 F.2d 865, 868 (5th Cir. 1976)). After a review of B&D's invoices (Doc. 85-5) and the affidavits of Harold L. Segall (Doc. 85-1) and Sandy G. Robinson (Doc. 84) and upon an analysis of the twelve factors as set forth in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 718 (5th Cir. 1974), this court finds that the hours claimed by the above attorneys and paralegals and the hourly rates charged by Chevron's local counsel and her staff are reasonable. However, this court finds that the hourly rates charged by the four attorneys and paralegal from B&D are unreasonable.

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. "The general rule is that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'" Am. Civil Liberties Union of Ga., 168 F.3d at 437(quoting Cullens v. Ga. Dept. of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994)). "If a fee applicant desires to recover the non-local rates of an attorney who is not from the place in which the case was filed, he must show a lack of attorneys practicing in that place who are willing and able to handle his claims."

4

Id.(citations omitted).  Chevron has failed in its burden in showing a lack of attorneys practicing in Mobile, Alabama, who were willing and able to handle its defense.  While it may be true that no Mobile law firm has B&D's "high level of experience and expertise regarding RCRA and subsurface contamination litigation" (Doc. 84, p. 2), Chevron has not provided evidence that a Mobile law firm could not have provided the requisite skill and expertise to successfully defend Chevron in this case.  As a result, this court shall look to the prevailing market rate in the Southern District of Alabama.

With regard to the reasonable rates of Mr. Bourdeau and Mr. Segall, Trifinery provided an affidavit by Don Foster, a Mobile attorney with approximately 38 years of experience, who maintains that the "average or reasonable hourly rate charged by top Mobile lawyers in complex cases" is in the "range from $250 to $350 per hour." (Doc. 96-2, p. 1).  Furthermore, Sandy Robinson, Chevron's local counsel who has approximately 25 years of experience, proposes that her hourly rate is $285 per hour.  (Doc. 84, p. 1).  Based on the court's experience, knowledge, and observations, and a review of prior awards, the court finds that a reasonable hourly rate for the work provided by Mr. Bourdeau, an attorney with over 32 years of experience and expertise in environmental matters, is $325 per hour and finds that a reasonable hourly rate for the work provided by Mr. Segall, an attorney with approximately 25 years of experience, is $300 per hour. Compare Smith v. First Continental Mortgage, Inc., Civil Action No. 09-0381-KD-N (S.D.Ala. Nov. 1, 2010)(Doc. 93)(Dubose, J.)(finding $250.00 was a reasonable hourly rate for a founding attorney with twenty-two year of experience); Adams v. Austal U.S.A., L.L.C., slip op., 2010 WL 2496396, at *6 (S.D.Ala. June 16, 2010)(Nelson, J.)(finding $250.00 was a reasonable rate for an attorney with 22 years of experience as a lawyer); Dempsey v. Palisades Collection, Inc., slip op., 2010 WL 923473, at *3 (S.D.Ala. Mar. 11, 2010)(Dubose, J.)(finding $250 per hour

was a reasonable hourly rate for an attorney with over 19 years of experience; <u>Mitchell Co. v. Campus</u>, slip op., 2009 WL 2567889 at *1 & *17-18 (S.D.Ala. Aug. 18, 2009).(finding $275.00 was a reasonable rate for an attorney with approximately 34 years of experience).

Moreover, based on the court's experience, knowledge, and observations, and a review of prior awards, the court finds that a reasonable hourly rate for the work provided by Ms. Wesley, an attorney with approximately 7 years of experience, is $200.00 per hour; that a reasonable hourly rate for the work provided by Ms. Reddy, a second year associate, is $145.00 per hour; and that a reasonable hourly rate for the work provided by Ms. Bennett-Vroman, a paralegal, is $120.00 per hour. Compare <u>Transmontaigne Product Servs., Inc. v. Clark</u>, slip op., 2010 WL 3171656, at *1(S.D.Ala. Aug. 10, 2010)(Granade, J.)(finding an hourly rate of between $130.00 and $120.00 was a reasonable hourly rate for a paralegal); <u>Adams</u>, slip op., 2010 WL 2496396, at *6(finding an hourly rate of $150.00 was a reasonable rate for an attorney with three years of experience and finding an hourly rate of $75.00 was a reasonable rate for a paralegal); <u>Wachovia Bank v. Motes Const. & Development, Inc.</u>, 2010 WL 728587, at *4 (S.D.Ala. Feb. 24, 2010)(Dubose, J.)(finding an hourly rate of $175.00 was reasonable for an attorney with five years of experience); <u>Mitchell Co.</u>, slip op. 2009 WL 2567889, at *17-18(finding an hourly rate of $200 was a reasonable rate for an attorney with approximately seven years of experience).

In sum, thecourt, utilizing its own expertise in this market as well as a review of prior awards, has determined hourly rates it deems reasonable and appropriate on the instant motion. Multiplying these rates by the hours reasonably expended yields the following figures:

| Name | Reasonable Rate | Reasonable Hours | Fee |
| --- | --- | --- | --- |
| Karl S. Bourdeau | $325.00 | 655 hours | $212,875.00 |
| Harold Segall | $300.00 | 762.70 hours | $228,810.00 |

6

| | | | |
|---|---|---|---|
| Katherine E. Wesley | $200.00 | 1050.10 hours | $210,020.00 |
| Bina R. Reddy | $145.00 | 1123.90 hours | $162,965.00 |
| Jacqueline Bennett-Vroman | $120.00 | 341.30 hours | $ 40,956.00 |
| Local Counsel and Staff | | | $ 20,000.64 |
| TOTAL | | | $875,626.64 |

## **CONCLUSION**

For the above stated reasons, plaintiffs' motion for attorneys' fees and costs (Doc. 85) is **GRANTED** to the extent that Chevron is awarded **a total of $875,626.64 for attorney's fees and $99,186.49 for costs**.

**DONE and ORDERED** this 11th day of February, 2011.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE